**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| ROSEMARY GIBSON, | ) | |
| | ) | |
| TERRACE GARDEN CONDOMINIUMS | ) | |
| ASSOCIATION, an Illinois Not-For-Profit | ) | |
| Corporation, | ) | |
| | ) | Case Number 19-12849 |
| Creditor, | ) | Judge Jack B. Schmetterer |
| v. | ) | Chapter 13 |
| | ) | |
| ROSEMARY GIBSON, | ) | |
| Debtor. | ) | |

**NOTICE OF MOTION**

*TO:*    *See Attached Service List*

On May 6, 2020 at 10:00 a.m., or as soon thereafter as counsel may be heard, **I shall appear via telephone** before the Honorable Judge Jack B. Schmetterer, or any judge sitting in his stead, in Courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and then and there present the attached *Secured Creditor Terrace Garden Condominiums Association's Motion for Relief from Stay.*

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Pursuant to General Order No. 20-03 of the United States Bankruptcy Court for the Northern District of Illinois, if you do not want the Court to grant the attached *Secured Creditor Terrace Garden Condominiums Association's Motion for Relief from Stay,* or if you want the Court to consider your views on the Motion, then on or before May 4, 2020, you or your attorney must file with the Court a **Notice of Objection** at:

United States Bankruptcy Court
Northern District of Illinois - Eastern Division
Attn: Clerk of Court
219 South Dearborn Street
Chicago, IL 60604

If you mail your Notice of Objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also send a copy to:

| | |
|---|---|
| Keough & Moody, P.C. | Tom Vaughn |
| Attorney Bryan M. Wiley | Chapter 13 Trustee |
| 114 East Van Buren Avenue | 55 E. Monroe Street, Suite 3850 |
| Naperville, IL 60540 | Chicago, IL 60603 |

If you or your attorney have filed a Notice of Objection, you or your attorney **may appear by telephone** at 10:00 a.m. on May 6, 2020 for a hearing on this Motion.

**In any event, there will be no in-person hearing**.

If you or your attorney do not take these steps, there will <u>not</u> be a hearing on the Motion, and the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/KAREN L. BEVERLY
JONATHAN D. WASSELLBRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06324845
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700


   /s/ Bryan M. Wiley
Attorneys for Creditor

## PROOF OF SERVICE

I, Bryan M. Wiley, an attorney, on oath state, I caused to be served this Notice and Motion for Relief from Stay to the persons named on the service list via the method listed at or before 4:00 p.m. on April 24, 2020.

/s/ Bryan M. Wiley

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS.  ANY AND ALL INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

## <u>SERVICE LIST</u>

1.      Rosemary Gibson - via regular mail
        1150 W. 18th Street, Unit 1W
        Broadview, IL 60155

2.      David M Siegel - via regular mail and CM/ECF
        David M. Siegel & Associates
        790 Chaddick Drive
        Wheeling, IL 60090

3.      Tom Vaughn - via regular mail and CM/ECF
        Chapter 13 Trustee
        55 E. Monroe Street, Suite 3850
        Chicago, IL 60603

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:                                                    )

     ROSEMARY GIBSON,                        )

                                       )

TERRACE GARDEN CONDOMINIUMS           )

ASSOCIATION, an Illinois Not-For-Profit        )

Corporation,                                               )

                                       )      Case Number 19-12849

                      Creditor,           )      Judge Jack B. Schmetterer

         v.                                                 )      Chapter 13

                                         )

ROSEMARY GIBSON,                                 )

                      Debtor.            )

## <u>SECURED CREDITOR TERRACE GARDEN CONDOMINIUMS ASSOCIATION'S MOTION FOR RELIEF FROM STAY</u>

NOW COMES the Secured Creditor, TERRACE GARDEN CONDOMINIUMS ASSOCIATION, by and through its counsel, Charles M. Keough, Dawn L. Moody, Gabriella R. Comstock, Karen L. Beverly, Jonathan D. Wassell, and Bryan M. Wiley of Keough and Moody, P.C. who respectfully prays for the entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and in support thereof states:

(1)     On May 3, 2019, the above captioned Chapter 13 case was filed.

(2)     The Debtor, Rosemary Gibson, is the owner of a unit commonly known as 1150 W. 18th Street, Unit 1W, Broadview, IL 60155.

(3)     The foregoing property is part of the Terrace Garden Condominiums Association and is subject to the provisions of the Declaration for Terrace Garden Condominiums Association (hereinafter "Declaration"), which was recorded as Document No. 97459984  in the Office of the Cook County Recorder of Deeds, and subsequently amended.

(4)     The Association is a party in interest and is secured by virtue of its Declaration.

(5)    Pursuant to the terms of the Declaration, the Debtor is required to make monthly assessment payments to the Creditor in the amount of $236.72.  If assessments are not paid by the 15th day of the month in which they are due, a late charge in the amount of $15.00 is assessed to the account.

(6)    Pursuant to the terms of the Declaration, the Debtor is required to pay all expenses connected with proceedings to collect unpaid assessments and enforce the Declaration terms.  These amounts are assessed to the Debtor and deemed a part of the Common Expenses.

(7)    The Debtor has failed to make current monthly assessment payments to the Creditor in conformity with the Declaration since the filing of this bankruptcy action. Attached hereto is a true and accurate statement of account.

(8)    The amount due to the Creditor for post-petition assessments, late fees and attorney's fees is $2,292.98.

(9)    Creditor notified Debtor's attorney of the post-petition default.  The post petition default has not been cured in response to said notice.  Attached is a true and accurate copy of said correspondence.

(10)   The Creditor lacks adequate protection due to the Debtor's failure to make regular, current monthly payments to the Creditor.

(11)   Debtor's failure to make assessment payments jeopardizes the Creditor's ability to meet its scheduled budget or fund reserves, both of which are essential to the maintenance, upkeep, repair and replacement of the common areas as required by the Creditor pursuant to the Declaration recorded in Cook County, Illinois.

(12)   The property commonly known 1150 W. 18th Street, Unit 1W, Broadview, IL 60155 is not necessary for the Debtor's successful reorganization

(13)    For the reasons set forth above, it would be inequitable to delay the enforcement of any order

granting relief from the automatic stay with respect to the Creditor; therefore, Bankruptcy

Rule 4001(a)(3) should be waived.

WHEREFORE, Secured Creditor, TERRACE GARDEN CONDOMINIUMS

ASSOCIATION, respectfully requests this Court to grant its Motion for Relief from Stay, for

Bankruptcy Rule 4001(a)(3) to be waived, and for any and all further relief this court deems just and

proper.

Respectfully Submitted,
TERRACE GARDEN CONDOMINIUMS
ASSOCIATION,


By:  _____/s/ Bryan M. Wiley_____
One of its attorneys


CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/KAREN L. BEVERLY
JONATHAN D. WASSELLBRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06324845
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700
X:\client\Terrace Garden\Collections\Gibson\BK\Motion for Relief.wpd




**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS.  ANY AND ALL
INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

THIS DOCUMENT WAS
PREPARED BY AND AFTER
RECORDING, MAIL TO:

Kenneth W. Bosworth, Esq.
Horwood Marcus & Berk Chtd.
Suite 2800
333 West Wacker Drive
Chicago, Illinois 60606

**PLAT WITH THIS DOCUMENT**

97459984

DEPT-01 RECORDING           $303.00
142722  TRAN 0316 06/25/97 16:57:00
30454 + LM  *-97-459984
COOK COUNTY RECORDER

## DECLARATION OF CONDOMINIUM
## PURSUANT TO THE CONDOMINIUM
## PROPERTY ACT
## TERRACE GARDEN CONDOMINIUMS

This Declaration ("Declaration") made and entered into this 24th day of June, 1997, by American National Bank and Trust Company of Chicago, as Trustee under Trust Agreement dated December 4, 1991 and known as Trust No. 114850-00, whose address is 33 North LaSalle Street, Chicago, Illinois 60602 (the "Declarant"):

### WITNESSETH

WHEREAS, the Declarant is the owner in fee simple of certain real estate, hereinafter described, in Broadview, Cook County, Illinois; and

WHEREAS, the Declarant intends to, and does hereby submit such real estate together with all buildings, structures, improvements and other permanent fixtures of whatsoever kind thereon, and all rights and privileges belonging or in anyway pertaining thereto, to the provisions of the Illinois Condominium Property Act (hereinafter the "Act") as amended from time to time; and

WHEREAS, the name of the Condominium shall be the Terrace Garden Condominiums; and

WHEREAS, the Declarant desires to establish certain rights and easements in, over and upon said real estate for the benefit of itself and all future owners of any part of said real estate, and any unit or units thereof or therein contained, and to provide for the harmonious, beneficial and proper use and conduct of the real estate and all units; and

WHEREAS, the Declarant desires and intends that the several unit owners, mortgagees, occupants and other persons hereafter acquiring any interest in the Property, hereinafter defined, shall at all times enjoy the benefits of, and shall hold their interests subject to, the rights, easements, privileges, and restrictions hereinafter set forth, all of which are declared to be in furtherance of a plan

303

97-441(JB)

6-25-97   6
5

| 303 | ✓ |
| 303 | ✓ |
| 1 | 5 |

**APPENDIX C**

**BY-LAWS**
**OF**
**TERRACE GARDEN CONDOMINIUMS ASSOCIATION**

**ARTICLE I**

**General Provisions**

The Association is responsible for the overall administration of the Property through its duly elected Board. Whether or not incorporated, the Association shall have such powers, not inconsistent with the Act, as are now or may hereafter be granted by the General Not-For-Profit Corporation Act of the State of Illinois. The Association shall have and exercise all powers necessary or convenient to effect any or all of the purposes for which the Association is organized and to do every other act not inconsistent with any law and which may be appropriate to promote and attain the purposes set forth in the Act or the Condominium Instruments.

The provisions of these By-Laws, the Act, the Declaration and all other Condominium Instruments, and any and all rules and regulations that relate to the use of a Unit or the Common Elements shall be applicable to any person leasing a Unit. All such provisions shall be deemed to be incorporated into any lease executed with respect to any Unit.

**ARTICLE II**
Members

Section 1.  Classes of Members, Membership, and Termination Thereof.  The Association shall have one class of members. The designation of such class and the qualifications of the members of such class shall be as follows:

Each Unit Owner shall be a member of the Association, which membership shall terminate upon the sale or other disposition of such member's Unit, at which time the new Unit Owner shall automatically become a member of the Association. Such termination shall not relieve or release any such former Unit Owner from any liability or obligation incurred under or in any way connected with the condominium or the Association, during the period of such ownership and membership in the Association. Furthermore, such termination shall not impair any rights or remedies which the Board or others may have against such former Unit Owner arising from, or in any way connected with, such ownership and membership and the covenants and obligations incident thereto. No certificates of stock or other certificates evidencing membership shall be required to be issued by the Association. ·

Section 2.  Votes and Voting Rights.

(a)    Until the date of the first annual meeting of the members, as provided in Article III, Section 1 hereof, no member of the Association shall have the right to elect the Board of Managers, all such members of the Board shall be appointed and shall hold office as provided in Article IV, Section 2 of these By-Laws.

(b)    Commencing with the date of the said first annual meeting of the members, the total number of votes of all members shall be 100. Each member shall be entitled to the number of votes equal to his percentage ownership interest in the Common Elements (as defined in the Declaration) at the time any matter is submitted to a vote of the members.

(c)    If a Unit is owned by more than one person, the voting rights with respect to such Unit shall not be divided, but shall be exercised as if the Unit Owner consisted of only one person in accordance with the proxy or other designation made by the persons constituting such Unit Owner. Any proxy must be executed in writing by the Unit Owner or his duly authorized attorney in fact, must bear the date of execution, and shall be invalid after 11 months from the date of its execution. If only one of the multiple owners of a Unit is present, and if any one of the multiple owners casts the votes allocated to that Unit without protest being made promptly to the person presiding over the meeting by any of the other Owners of the Unit, there is deemed to be majority agreement.

Declaration, these By-Laws or the Act; be custodian of the records and, if incorporated, of the seal of the Association and, if the Association is incorporated, see that the seal of the Association is affixed to all documents, the execution of which on behalf of the Association under its seal is duly authorized in accordance with the provisions of these By-Laws, and in general, perform all duties incident to the office of Secretary and such other duties as from time to time may be assigned to him by the President or by the Board.

## ARTICLE VI
### Powers and Duties of the Association and Board

Section 1.  General Duties, Powers, Etc. of the Board.  The Board shall exercise for the Association all powers, duties and authority vested in the Association by the Act and the Condominium Instruments, including but not limited to the following:

(a)   Operation, care, upkeep, maintenance, replacement and improvement of the Common Elements, including payments therefor, including approving payment vouchers therefor;

(b)   Preparation, adoption and distribution of the annual budget for the Property;

(c)   Levying of assessments;

(d)   Collection of assessments from Unit Owners;

(e)   Employment and dismissal of the personnel necessary or advisable for the maintenance and operation of the Common Elements;

(f)   Obtaining adequate and appropriate kinds of insurance, which shall include a fidelity bond insuring the Association, the Board and the Unit Owners against loss of funds as a result of the fraudulent or dishonest acts of any employee of the Association or its management agent or of any other person handling the funds of the Association, the Board or the Unit Owners in such amounts as the Board shall deem necessary but not less than 150% of the annual operating expenses of the Association, including reserves  The premium for such fidelity bond shall be a Common Expense.  Such bond shall contain waivers of any defense based on the exclusion of persons who serve without compensation from any definition of "employee" or similar expression  Such bond shall provide that it may not be cancelled for non-payment of any premiums or otherwise substantially modified without thirty (30) days prior written notice to all holders of first mortgages of record;

(g)   Owning, conveying, encumbering, leasing and otherwise dealing with Units conveyed to or purchased by it;

(h)   Adoption and amendment of rules and regulations covering the details of the operation and use of the Property;

(i)   Keeping of detailed, accurate records of the receipts and expenditures affecting the use and operation of the Property;

(j)   Having access to each Unit, from time to time, as may be necessary for the maintenance, repair or replacement of any Common Elements therein or accessible therefrom, or for making emergency repairs therein necessary to prevent damage to the Common Elements or to another Unit or Units;

(k)   Paying real property taxes, special assessments, any other special taxes or charges of the State of Illinois or of any political subdivision thereof, or other lawful taxing or assessing body, which are authorized by law to be assessed and levied upon the real property of the Condominium;

(l)   Imposing charges for late payments of a Unit Owner's assessments, or any other expenses lawfully agreed upon, and after notice and an opportunity to be heard, levy reasonable fines for violation of the Declaration, By-Laws, and rules and regulations of the Association;

6

(m)    Assigning its right to future income, including the right to receive assessments;

(n)    Recording the dedication of a portion of the Common Elements to a public body for use as, or in connection with, a street or utility where authorized by the Unit Owners under the provisions of Section 5(e) of the Declaration;

(o)    Recording the granting of an easement for the laying of cable television cable where authorized by the Unit Owners under the provisions of Section 5(e) of the Declaration;

(p)    Borrowing money at such rates of interest as it may determine; to issue its notes, bonds and other obligations to evidence such borrowing; and to secure any of its obligations by making a mortgage or giving a security interest in all or any of its property or income, provided if such mortgage or security interest encumbers all or substantially all of the assets of the Association, the approval of the members shall first be obtained pursuant to Article III, Section 7, of these By-Laws. In the performance of their duties, the officers and members of the Board, whether appointed by the Developer or elected by the members, shall exercise the care required of a fiduciary of the members.

Section 2.   Specific Powers and Duties.  Anything herein contained to the contrary notwithstanding, the Association shall have the power:

(a)    To engage the services of a manager or managing agent, who may be any person, firm or corporation, upon such terms and compensation as the Association deems fit, and to remove such manager or managing agent at any time, provided any agreement with such manager or managing agent shall extend for not more than three years and must be terminable by either party to such agreement without cause and without payment of a termination fee, upon ninety (90) days or less prior written notice;

(b)    To engage the services of any persons (including, but not limited to, accountants and attorneys) deemed necessary by the Association at such compensation as is deemed reasonable by the Association, in the operation, repair, maintenance and management of the Property, or in connection with any duty, responsibility or right of the Association and to remove, at any time, any such personnel;

(c)    To establish or maintain one or more bank accounts, or functionally similar accounts such as money market fund accounts, for the deposit of any funds paid to, or received by, the Association;

(d)    To invest any funds of the Association in certificates of deposit, money market funds, or comparable investments;

(e)    Upon authorization of a two-thirds vote by the members of the Board or by affirmative vote of not less than a majority of the Unit Owners at a meeting duly called for such purpose, the Board acting on behalf of all Unit Owners shall have the power to seek relief from or in connection with the assessment or levy of any real property taxes, special assessments or charges of the State of Illinois or any political subdivision thereof or of any lawful taxing or assessing body, and to charge and collect all expenses incurred in connection therewith as Common Expenses.  Nothing herein shall be construed to give the Association authority to conduct an active business for profit on behalf of all the Unit Owners or any of them.

Section 3.   Authorized Expenditures.  The Association shall acquire and make arrangements for, and pay for out of the Maintenance (Reserve) Fund, in addition to the manager, managing agent or other personnel above provided for, the following:

(a)    Water, waste removal, heating, electricity, telephone and other necessary utility service for the Common Elements and such services to the Units as are not separately metered or charged to the owners thereof.

(b)    Such insurance as the Association is required or permitted to obtain as provided in the Declaration.

(c)    Landscaping, gardening, snow removal, painting, cleaning, tuckpointing, maintenance, decorating, repair and

7

replacement of the Common Elements (but not including the Limited Common Elements not visible from the exterior of the Building which the Unit Owners enjoying the use thereof shall paint, clean, decorate, maintain and repair) and such furnishings and equipment for the Common Elements as the Association shall determine are necessary and proper, and the Association shall have the exclusive right and duty to acquire the same for the Common Elements. Anything in the foregoing to the contrary notwithstanding, the Association shall be responsible for the repair and replacement of all windows and doors provided that where the need for repair or replacement is due to the act or omission of a Unit Owner, guest, occupant, family member or pet, the Association shall charge the Unit Owner for the cost of such repair or replacement.

(d)     Any other materials, supplies, furniture, labor, services, maintenance, repairs, structural alterations, or assessments which the Association deems necessary or proper for the maintenance and operation of the Property or for the enforcement of any restrictions or provisions contained herein.

(e)     Any amount necessary to discharge any mechanic's lien or other encumbrance levied against the Property or any part thereof which may in the opinion of the Association constitute a lien against the Property or against the Common Elements, rather than merely against the interest therein of particular Unit Owners. Where one or more Unit Owners are responsible for the existence of such lien, they shall be jointly and severally liable for the cost of discharging it and any costs incurred by the Association by reason of said lien or liens including but not limited to, any interest, late charges, reasonable attorneys' fees, costs of collections and the amount of unpaid fines shall be specially assessed to said Unit Owners and shall, until paid by such Unit Owners, constitute a lien on the interest of such Unit Owners in the Property, which lien may be perfected and foreclosed in the manner provided in Section 9 of the Act with respect to liens for failure to pay a share of the Common Expenses.

(f)     Maintenance and repair of any Unit or any other portion of the Property which a Unit Owner is obligated to maintain or repair under the terms hereof, if such maintenance or repair is necessary, in the discretion of the Association, to protect the Common Elements, or any other portion of the Property, and the owner of said Unit has failed or refused to perform said maintenance or repair within a reasonable time after written notice of the necessity of said maintenance or repair is delivered by the Association to said Unit Owner; provided that the Association shall levy a special assessment against such Unit for the cost of said maintenance or repair and the amount of such special assessment shall constitute a lien on the interest of such Unit Owner in the Property, which lien may be perfected and foreclosed in the manner provided in Section 9 of the Act with respect to liens for failure to pay a share of the Common Expense. All expenses, charges and costs of the maintenance, repair or replacement of the Common Elements, and any other expenses, charges or costs which the Association may incur or expend pursuant hereto, shall be approved by the Association, and a written memorandum thereof prepared and signed by the treasurer. There shall be no structural alterations, capital additions to, or capital improvements on, the Common Elements (other than for the purposes of repairing, replacing and restoring portions of the Common Elements) requiring an expenditure in excess of Five Thousand Dollars ($5,000.00) without the prior approval of 66 2/3 percent of the Unit Owners.

Section 4.  Annual Budget.

(a)     Each year on or before November 1st, the Board shall estimate the annual budget of Common Expenses (the "Annual Budget") including: the total amount required for the cost of wages, materials, insurance, services and supplies which will be required during the ensuing calendar year for the rendering of all services, together with a reasonable amount considered by the Association to be necessary for a reserve for contingencies and replacements, all anticipated assessments and income and each Unit Owner's proposed Common Expense assessment, together with an indication of which portions of the Annual Budget are intended for capital expenditures or repairs or payment of real estate taxes. The Board shall deliver a copy of the proposed Annual Budget to each Unit Owner at least thirty (30) days prior to the adoption thereof. The Association shall give Unit Owners notice as provided in Section 4, Article III of the By-Laws of the meeting of the Board at which the Board proposes to adopt the Annual Budget, or at which any increase or establishment of any assessment, regular or special, is proposed to be adopted.

(b)     If an adopted Annual Budget requires assessment against Unit Owners in any year exceeding 115% of the assessments for the preceding year, the Board, upon written petition by Unit Owners representing 20% of the votes of the Association may, within 14 days of the Board action, petition and require the Board to call a meeting of the Unit Owners

within 30 days of the date of filing of the petition to consider the budget. Unless a majority of the votes of the Unit Owners are cast at the meeting to reject the budget, it is ratified whether or not a quorum is present. In determining whether assessments exceed 115% of similar assessments in the preceding year, any authorized provisions for reasonable reserves for repair or replacement of the condominium property, and budgeted expenses by the Association which are not anticipated to be incurred on a regular or annual basis, shall be excluded from the computation.

(c)    The Annual Budget shall be assessed to the Unit Owners according to each Unit Owner's percentage of ownership in the Common Elements. Each Unit Owner shall be obligated to pay to the Association, or as it may direct, the portion of the Annual Budget assessed to such owner in equal monthly installments (subject to acceleration as hereinafter provided) on or before January 1st of the ensuing year, and the 1st day of each and every month of said year. The Association does not have the authority to, and cannot forbear the payment of assessments by any Unit Owners.

(d)    The failure or delay of the Association to prepare or serve the Annual Budget on the Unit Owners shall not constitute a waiver or release in any manner of the Unit Owner's obligation to pay the maintenance and other costs and necessary Reserves, as herein provided, whenever the same shall be determined, and in the absence of any annual or adjusted budget the Unit Owners shall continue to pay the monthly assessment charges at the then existing monthly rate established for the previous period until the monthly assessment payment which is due more than ten (10) days after such new Annual Budget shall have been mailed.

(e)    Anything herein or in the Declaration to the contrary notwithstanding, the Board may charge to fewer than all Unit Owners such portion of the insurance premium for insurance the Association is required or permitted to obtain which reflects increased charges for coverage on the Units owned by such Unit Owners, on such reasonable basis as the Board shall determine. Such charge shall be considered a common expense with respect to the Units owned by such Unit Owners for all purposes herein and under the Declaration.

(f)    All funds collected hereunder shall be held and expended solely for the purposes designated herein, and (except for such special assessments as may be levied hereunder against less than all the Unit Owners and for such special adjustments as may be required to reflect delinquent or prepaid assessments) shall be deemed to be held for the benefit, use and account of all the Unit Owners in their relative percentages of ownership interest in the Common Elements.

Section 5. Annual Accounting.

(a)    On or before the 1st day of August of each calendar year, the Association shall supply to all Unit Owners an itemized account of the Common Expenses for the preceding calendar year actually incurred and paid together with an indication of which portions of the Annual Budget were for capital expenditures or repairs or payment of real estate taxes and with a tabulation of the amounts collected pursuant to the budget or assessment, and showing the net excess or deficiency of income over expenditures plus Reserves. Any amount accumulated in excess of the amount required for actual expenses and Reserves shall be credited according to each Unit Owner's percentage of ownership in the Common Elements to the next monthly installments due from Unit Owners under the current year's Annual Budget, until exhausted, and any net shortage shall be added, according to each Unit Owner's percentage of ownership of the Common Elements, to the installments due in the succeeding six months after rendering of the accounting.

(b)    The Association shall allow any First Mortgagee to examine the books and records of the Association during reasonable business hours and to receive, on requests, annual reports and other financial data prepared by the Association or at its direction.

Section 6. Reserves. The Association may build up and maintain a reasonable Reserve for operations, contingencies and replacement. To establish such Reserve, the Developer shall collect from each Unit Owner upon conveyance by the Trustee of a Unit to such Unit Owner, an amount equal to one sixth of the Annual Budget as initially established by the

9

Developer for the first year of the Condominium allocable to such Unit and shall remit such amount to the Association. Extraordinary expenditures not originally included in the Annual Budget which may become necessary during the year shall be charged first against such Reserve. In addition, the Association or the Board shall have the right to segregate all or any portion of the Reserve for any specific replacement or contingency upon such conditions as the Association or the Board deems appropriate.

Section 7.  Special Assessments.  If said Annual Budget proves inadequate for any reason, including non-payment of any Unit Owner's assessment, or any non-recurring Common Expense or any Common Expense not set forth in the Annual Budget as adopted, the Board may at any time levy a further assessment, which shall be assessed to the Unit Owners according to each Unit Owner's percentage of ownership in the Common Elements, and which may be payable in one lump sum or such installments as the Board may determine. The Board shall serve notice of such further assessment on all Unit Owners (as provided in Section 4, Article III of the By-Laws) by a statement in writing giving the amount and reasons therefor, and such further assessment shall become effective and shall be payable at such time or times as determined by the Board; provided, however, that in the event such further assessment with respect to any Unit exceeds the greater of five (5) times such Unit's most recent monthly installment of Common Expenses or $300.00, such further assessment for all Units shall not be effective until approved by 66 2/3% of the Unit Owners at a meeting of Unit Owners duly called for such purpose. All Unit Owners shall be obligated to pay the further assessment.

Section 8.  Default in Payment.

(a)    If a Unit Owner is in default in the monthly payment of the aforesaid charges or assessments for thirty (30) days, the Association may assess a service charge of up to 4% of the balance of the aforesaid charges and assessments for each month, or part thereof, that said balance, or any part thereof remains unpaid. The Association may bring suit for and on behalf of itself and as representative of all Unit Owners, to enforce collection thereof or to foreclose the lien therefor as provided by law; and there shall be added to the amount due, the costs of said suit, together with legal interest and reasonable attorneys' fees to be fixed by the Court. In addition, the Association may also take possession of such defaulting Unit Owner's interest in the Property and maintain an action for possession of the Unit in the manner provided by law. No Unit Owner may waive or otherwise escape liability for the assessments provided for herein by non-use of the Common Elements or abandonment of his Unit.

(b)    Each such assessment, together with interest, court costs, late charges and reasonable attorneys' fees and costs of collection or the amount of any unpaid fines shall also be the personal obligation of the person who was the Unit Owner at the time the assessment fell due. The personal obligation for delinquent assessments shall not pass to successors in title or interest unless assumed by them, or required by applicable law.

Section 9.  Unit Owner Accounts.  Upon ten (10) days' notice to the Association, the payment of a reasonable fee fixed by the Association, not to exceed Fifteen Dollars ($15.00), any Unit Owner shall be furnished a statement of his account setting forth the amount of any unpaid assessments or other charges due and owning from such Unit Owner.

Section 10.  Rules and Regulations.  The Association may, pursuant to the provisions of Section 11 of Article IV and Section 1(h) of Article VI of these By-Laws, from time to time, adopt or amend such rules and regulations governing the operation, maintenance, beautification and use of the Common Elements and the Units, not inconsistent with the terms of the Declaration, as it sees fit, and the Unit Owners shall conform to, and abide by, such rules and regulations. Written notice of such rules and regulations shall be delivered to all Unit Owners and occupants. A violation and of such rules or regulations shall be deemed a violation of the terms of the Declaration.

ARTICLE VII
Contracts, Checks, Deposits and Funds

Section 1.  Contracts.  The Board may authorize any officer or officers, agent or agents of the Association, in addition to the officers so authorized by these By-Laws, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Association and such authority may be general or confined to specific instances.



| NAPERVILLE | CHICAGO | TINLEY PARK |
|---|---|---|
| 114 East Van Buren Ave | 161 North Clark #1600 | 7220 W. 194th Street |
| Naperville, IL 60540 | Chicago, IL 60601 | Tinley Park, IL 60487 |

Writer's Direct Dial      (630) 369-2700 x 203
Writer's Email      bmw@kmlegal.com

April 2, 2020

***Via Electronic and Regular Mail***
davidsiegelbk@gmail.com
Attorney David M. Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090

     **RE:**    ***Terrace Garden Condominiums Association v. Rosemary Gibson***
          ***1150 W. 18th Street, Unit 1W, Broadview***
          ***Bankruptcy Case Number 19-12849***

Dear Mr. Siegel,

     Our office represents the Terrace Garden Condominiums Association ("Association") in the above-referenced matter. It has come to our attention that your client has failed to remain current on post-petition assessment payments. As of April 1, 2020, the post-petition balance on this account is $2,292.98. Enclosed please find a current statement of your client's account.

     As you know, it is your client's responsibility to remain current on her post-petition assessments. When your client fails to make regular, timely payments, the Association lacks adequate protection. Please note that assessments in the amount of $236.72 are assessed to the account each month. If the assessment is not timely paid, a late charge in the amount of $15.00 may be assessed to the account. ***If your client does not bring her account current by April 16, 2020, our office will look to file a Motion for Relief from Stay on behalf of the Association shortly thereafter. Any payment of this default should be directed to our Naperville office, in the form of certified funds.***

     Should you have any questions, please contact our office.

          Very truly yours,

          BRYAN M. WILEY
          Attorney at Law

BMW/kda
enclosure

```
                      Terrace Garden Condo Assoc.
                    FINANCIAL TRANSACTIONS - 04/01/20

1150 W. 18th Street # 1W              Unit ID: 11501W
Rosemary Gibson                       STATUS: 04 - Legal/Attny
                                      PREPAID BAL:     0.00
  TXN   -----PAYMENTS/TRXN DESCR----- --------CHARGES/PAYMENT DISTR--------- BALANCE
  DATE   PAYMT AMT CHECK #    DEP DT CODE  N/A  DESCRIPTION      AMOUNT        DUE
------  ---------- ---------- ------ ----- ---- -------------  ----------  ------------
022916            INIT LIAB BAL     A1        ASSESSMENT         919.12       919.12
022916            INIT LIAB BAL     C2        Special Assm       332.81      1251.93
022916            INIT LIAB BAL     01        Late Fees           75.00      1326.93
------
030116            APPLY CHARGES     A1        ASSESSMENT         229.78      1556.71
030116                              C2        Special Assm        66.88      1623.59
031716   498.00 MO44212523 031716  A1        ASSESSMENT        (229.78)     1125.59
031716                              C2        Special Assm       (66.88)
031716                              PP        Credit-Prepaid    (201.34)
------
040116            APPLY CHARGES     A1        ASSESSMENT         229.78      1355.37
040116                              C2        Special Assm        66.88      1422.25
040116            APPLY PREPAYMNT   A1        ASSESSMENT        (201.34)     1422.25
041416   498.00 1629502115 041416  A1        ASSESSMENT         (28.44)      924.25
041416                              C2        Special Assm       (66.88)
041416                              PP        Credit-Prepaid    (402.68)
------
050116            APPLY CHARGES     A1        ASSESSMENT         229.78      1154.03
050116                              C2        Special Assm        66.88      1220.91
050116            APPLY PREPAYMNT   A1        ASSESSMENT        (402.68)     1220.91
051316   498.00 1591802337 051316  A1        ASSESSMENT        (498.00)      722.91
------
060116            APPLY CHARGES     A1        ASSESSMENT         229.78       952.69
060116                              C2        Special Assm        66.88      1019.57
062416   498.00 75704      062416   A1        ASSESSMENT        (478.00)      521.57
062416                              01        Late Fees          (20.00)
------
070116            APPLY CHARGES     A1        ASSESSMENT         229.78       751.35
070116                              C2        Special Assm        66.88       818.23
072016   498.00 8788111643 072016  A1        ASSESSMENT        (229.78)      320.23
072016                              01        Late Fees          (55.00)
072016                              C2        Special Assm      (213.22)
------
080116            APPLY CHARGES     A1        ASSESSMENT         229.78       550.01
080116                              C2        Special Assm        66.88       616.89
------
090116            APPLY CHARGES     A1        ASSESSMENT         229.78       846.67
090116                              C2        Special Assm        66.88       913.55
091416   498.00 9630334711 091416  A1        ASSESSMENT        (459.56)      415.55
091416                              C2        Special Assm       (38.44)
------
100116            APPLY CHARGES     A1        ASSESSMENT         229.78       645.33
```

AR0500

| | | | | | | |
|---|---|---|---|---|---|---|
| 100116 | | | C2 | Special Assm | 66.88 | 712.21 |
| 101116 | 498.00 3587541673 101116 | | A1 | ASSESSMENT | (229.78) | 214.21 |
| 101116 | | | C2 | Special Assm | (268.22) | |
| ------ | | | | | | |
| 110116 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 443.99 |
| 110116 | | | C2 | Special Assm | 66.88 | 510.87 |
| ------ | | | | | | |
| 120116 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 740.65 |
| 120116 | | | C2 | Special Assm | 66.88 | 807.53 |
| 120516 | 498.00 9684492907 120516 | | A1 | ASSESSMENT | (459.56) | 309.53 |
| 120516 | | | C2 | Special Assm | (38.44) | |
| 121316 | 12.87 1591803009 121316 | | C2 | Special Assm | (12.87) | 296.66 |
| ------ | | | | | | |
| 010117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 526.44 |
| 010117 | | | C2 | Special Assm | 66.88 | 593.32 |
| ------ | | | | | | |
| 020117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 823.10 |
| 020117 | | | C2 | Special Assm | 66.88 | 889.98 |
| 020217 | 311.66 2056 | 020217 | A1 | ASSESSMENT | (311.66) | 578.32 |
| ------ | | | | | | |
| 030117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 808.10 |
| 030117 | | | C2 | Special Assm | 66.88 | 874.98 |
| 030717 | 311.66 2057 | 030717 | A1 | ASSESSMENT | (311.66) | 563.32 |
| ------ | | | | | | |
| 040117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 793.10 |
| 040117 | | | C2 | Special Assm | 66.88 | 859.98 |
| ------ | | | | | | |
| 050117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 1089.76 |
| 050117 | | | C2 | Special Assm | 66.88 | 1156.64 |
| 050417 | 311.66 2061 | 050417 | A1 | ASSESSMENT | (311.66) | 844.98 |
| ------ | | | | | | |
| 060117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 1074.76 |
| 060117 | | | C2 | Special Assm | 66.88 | 1141.64 |
| ------ | | | | | | |
| 070117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 1371.42 |
| 070117 | | | C2 | Special Assm | 66.88 | 1438.30 |
| 072417 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 1453.30 |
| ------ | | | | | | |
| 080117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 1683.08 |
| 080117 | | | C2 | Special Assm | 66.88 | 1749.96 |
| 083117 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 1764.96 |
| ------ | | | | | | |
| 090117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 1994.74 |
| 090117 | | | C2 | Special Assm | 66.88 | 2061.62 |
| 092617 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 2076.62 |
| ------ | | | | | | |
| 100117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 2306.40 |
| 100117 | | | C2 | Special Assm | 66.88 | 2373.28 |
| 103117 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 2388.28 |
| ------ | | | | | | |
| 110117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 2618.06 |
| 112217 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 2633.06 |
| ------ | | | | | | |
| 120117 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 2862.84 |

AR0500

| | | | | | | |
|---|---|---|---|---|---|---|
| 120517 | 311.66 44592 | 120517 | A1 | ASSESSMENT | (311.66) | 2551.18 |
| ------ | | | | | | |
| 010118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 2780.96 |
| ------ | | | | | | |
| 020118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 3010.74 |
| 022818 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 3025.74 |
| ------ | | | | | | |
| 030118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 3255.52 |
| 031418 | 378.54 105 | 031418 | A1 | ASSESSMENT | (378.54) | 2876.98 |
| ------ | | | | | | |
| 040118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 3106.76 |
| ------ | | | | | | |
| 050118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 3336.54 |
| ------ | | | | | | |
| 060118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 3566.32 |
| 062718 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 3581.32 |
| ------ | | | | | | |
| 070118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 3811.10 |
| 072318 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 3826.10 |
| ------ | | | | | | |
| 080118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 4055.88 |
| 082118 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 4070.88 |
| ------ | | | | | | |
| 090118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 4300.66 |
| ------ | | | | | | |
| 100118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 4530.44 |
| 101718 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 4545.44 |
| ------ | | | | | | |
| 110118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 4775.22 |
| 112118 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 4790.22 |
| ------ | | | | | | |
| 120118 | | APPLY CHARGES | A1 | ASSESSMENT | 229.78 | 5020.00 |
| 122018 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 5035.00 |
| ------ | | | | | | |
| 010119 | | APPLY CHARGES | A1 | ASSESSMENT | 236.72 | 5271.72 |
| ------ | | | | | | |
| 020119 | | APPLY CHARGES | A1 | ASSESSMENT | 236.72 | 5508.44 |
| 022119 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 5523.44 |
| ------ | | | | | | |
| 030119 | | APPLY CHARGES | A1 | ASSESSMENT | 236.72 | 5760.16 |
| 032219 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 5775.16 |
| ------ | | | | | | |
| 040119 | | APPLY CHARGES | A1 | ASSESSMENT | 236.72 | 6011.88 |
| 042219 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 6026.88 |
| 042319 | | EXPENSE ADJ | 05 | Attorney Fees | 240.00 | 6266.88 |
| ------ | | | | | | |
| 050119 | | APPLY CHARGES | A1 | ASSESSMENT | 236.72 | 6503.60 |
| 052219 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 6518.60 |
| ------ | | | | | | |
| 060119 | | APPLY CHARGES | A1 | ASSESSMENT | 236.72 | 6755.32 |
| 061719 | | EXPENSE ADJ | 05 | Attorney Fees | 450.00 | 7205.32 |
| 062619 | | APPLY LATE FEE | 01 | Late Fees | 15.00 | 7220.32 |
| ------ | | | | | | |
| 070119 | | APPLY CHARGES | A1 | ASSESSMENT | 236.72 | 7457.04 |

BK filed 5/3/19

```
                                      AR0500
070519      251.72 115        070519 A1     ASSESSMENT      (251.72)   7205.32
073119      251.72 116        073119 A1     ASSESSMENT      (251.72)   6953.60
------
080119             APPLY CHARGES   A1        ASSESSMENT       236.72   7190.32
------
090119             APPLY CHARGES   A1        ASSESSMENT       236.72   7427.04
------
100119             APPLY CHARGES   A1        ASSESSMENT       236.72   7663.76
100819      252.86 1419993   100819 A1       ASSESSMENT      (252.86)  7410.90
102819             EXPENSE ADJ     C1        Parking Assm      30.00   7440.90
102819       30.00 119        102819 C1      Parking Assm     (30.00)  7410.90
------
110119             APPLY CHARGES   A1        ASSESSMENT       236.72   7647.62
110819      126.43 1424476   110819 A1       ASSESSMENT      (126.43)  7521.19
------
120119             APPLY CHARGES   A1        ASSESSMENT       236.72   7757.91
121819      126.43 1428536   121819 A1       ASSESSMENT      (126.43)  7631.48
------
010120             APPLY CHARGES   A1        ASSESSMENT       236.72   7868.20
013020      126.43 1435738   013020 A1       ASSESSMENT      (126.43)  7741.77
------
020120             APPLY CHARGES   A1        ASSESSMENT       236.72   7978.49
021120      126.43 1440048   021120 A1       ASSESSMENT      (126.43)  7852.06
------
030120             APPLY CHARGES   A1        ASSESSMENT       236.72   8088.78
031620      126.43 1444215   031620 A1       ASSESSMENT      (126.43)  7962.35
```

## B A L A N C E   S U M M A R Y
-------------------------------

| CHARGE CODE | DESCRIPTION  | AMOUNT   |
| ----------- | ------------ | -------- |
| A1          | ASSESSMENT   | 6,051.89 |
| C2          | Special Assm | 965.46   |
| 01          | Late Fees    | 255.00   |
| 05          | Attorney Fees | 690.00  |
|             |              | ------------ |
|             | TOTAL:       | 7,962.35 |

| | | |
| --- | --- | --- |
| Proof of Claim | -6,953.60 | 1,008.75 |
| Trustee Payments | 885.01 | 1,893.76 |
| April Assessment | 236.72 | 2,130.48 |
| Post-Petition Demand | 162.50 | 2,292.98 |

DATE:  4/22/20 TIME:  11:36 AM

Terrace Garden Condo Assoc.

Page: 1

FINANCIAL TRANSACTIONS - 04/22/20

1150 W. 18th Street # 1W
Rosemary Gibson
Unit ID: 11501W
STATUS: 04 - Legal/Attny
PREPAID BAL:     0.00

| DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 022916 | | INIT LIAB BAL | | A1 | | ASSESSMENT | 919.12 | 919.12 |
| 022916 | | INIT LIAB BAL | | C2 | | Special Assm | 332.81 | 1251.93 |
| 022916 | | INIT LIAB BAL | | 01 | | Late Fees | 75.00 | 1326.93 |
| | | | | | | | | |
| 030116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1556.71 |
| 030116 | | | | C2 | | Special Assm | 66.88 | 1623.59 |
| 031716 | 498.00 | MO44212523 | 031716 | A1 | | ASSESSMENT | (229.78) | 1125.59 |
| 031716 | | | | C2 | | Special Assm | (66.88) | |
| 031716 | | | | PP | | Credit-Prepaid | (201.34) | |
| | | | | | | | | |
| 040116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1355.37 |
| 040116 | | | | C2 | | Special Assm | 66.88 | 1422.25 |
| 040116 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (201.34) | 1422.25 |
| 041416 | 498.00 | 1629502115 | 041416 | A1 | | ASSESSMENT | (28.44) | 924.25 |
| 041416 | | | | C2 | | Special Assm | (66.88) | |
| 041416 | | | | PP | | Credit-Prepaid | (402.68) | |
| | | | | | | | | |
| 050116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1154.03 |
| 050116 | | | | C2 | | Special Assm | 66.88 | 1220.91 |
| 050116 | | APPLY PREPAYMNT | | A1 | | ASSESSMENT | (402.68) | 1220.91 |
| 051316 | 498.00 | 1591802337 | 051316 | A1 | | ASSESSMENT | (498.00) | 722.91 |
| | | | | | | | | |
| 060116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 952.69 |
| 060116 | | | | C2 | | Special Assm | 66.88 | 1019.57 |
| 062416 | 498.00 | 75704 | 062416 | A1 | | ASSESSMENT | (478.00) | 521.57 |
| 062416 | | | | 01 | | Late Fees | (20.00) | |
| | | | | | | | | |
| 070116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 751.35 |
| 070116 | | | | C2 | | Special Assm | 66.88 | 818.23 |
| 072016 | 498.00 | 8788111643 | 072016 | A1 | | ASSESSMENT | (229.78) | 320.23 |
| 072016 | | | | 01 | | Late Fees | (55.00) | |
| 072016 | | | | C2 | | Special Assm | (213.22) | |
| | | | | | | | | |
| 080116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 550.01 |
| 080116 | | | | C2 | | Special Assm | 66.88 | 616.89 |
| 081516 | | HO Phoned/Bank Sent Funds to Incoorect Account | | | | | | |
| 081516 | | Should be Rectified Within 2 Weeks | | | | | | |
| | | | | | | | | |

DATE:  4/22/20 TIME:  11:36 AM

Terrace Garden Condo Assoc.

Page: 2

FINANCIAL TRANSACTIONS - 04/22/20

1150 W. 18th Street # 1W
Rosemary Gibson
Unit ID: 11501W
STATUS: 04 - Legal/Attny
PREPAID BAL:    0.00

| DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 090116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 846.67 |
| 090116 | | | | C2 | | Special Assm | 66.88 | 913.55 |
| 090916 | HO Phoned/Sent Payment to KSN | | | | | | | |
| 091416 | 498.00 | 9630334711 | 091416 | A1 | | ASSESSMENT | (459.56) | 415.55 |
| 091416 | | | | C2 | | Special Assm | (38.44) | |
| | | | | | | | | |
| 100116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 645.33 |
| 100116 | | | | C2 | | Special Assm | 66.88 | 712.21 |
| 101116 | 498.00 | 3587541673 | 101116 | A1 | | ASSESSMENT | (229.78) | 214.21 |
| 101116 | | | | C2 | | Special Assm | (268.22) | |
| | | | | | | | | |
| 110116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 443.99 |
| 110116 | | | | C2 | | Special Assm | 66.88 | 510.87 |
| 112116 | HO Phoned/Sent Payment to KSN | | | | | | | |
| | | | | | | | | |
| 120116 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 740.65 |
| 120116 | | | | C2 | | Special Assm | 66.88 | 807.53 |
| 120516 | 498.00 | 9684492907 | 120516 | A1 | | ASSESSMENT | (459.56) | 309.53 |
| 120516 | | | | C2 | | Special Assm | (38.44) | |
| 121316 | 12.87 | 1591803009 | 121316 | C2 | | Special Assm | (12.87) | 296.66 |
| | | | | | | | | |
| 010117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 526.44 |
| 010117 | | | | C2 | | Special Assm | 66.88 | 593.32 |
| | | | | | | | | |
| 020117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 823.10 |
| 020117 | | | | C2 | | Special Assm | 66.88 | 889.98 |
| 020217 | 311.66 | 2056 | 020217 | A1 | | ASSESSMENT | (311.66) | 578.32 |
| | | | | | | | | |
| 030117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 808.10 |
| 030117 | | | | C2 | | Special Assm | 66.88 | 874.98 |
| 030717 | 311.66 | 2057 | 030717 | A1 | | ASSESSMENT | (311.66) | 563.32 |
| | | | | | | | | |
| 040117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 793.10 |
| 040117 | | | | C2 | | Special Assm | 66.88 | 859.98 |
| | | | | | | | | |
| 050117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1089.76 |
| 050117 | | | | C2 | | Special Assm | 66.88 | 1156.64 |
| 050417 | 311.66 | 2061 | 050417 | A1 | | ASSESSMENT | (311.66) | 844.98 |

DATE:  4/22/20 TIME:  11:36 AM                Terrace Garden Condo Assoc.                                    Page: 3

FINANCIAL TRANSACTIONS - 04/22/20

1150 W. 18th Street # 1W
Rosemary Gibson
Unit ID: 11501W
STATUS: 04 - Legal/Attny
PREPAID BAL:     0.00

| DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|------|-----------|---------|--------|------|-----|-------------|--------|---------|
| 060117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1074.76 |
| 060117 | | | | C2 | | Special Assm | 66.88 | 1141.64 |
| 070117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1371.42 |
| 070117 | | | | C2 | | Special Assm | 66.88 | 1438.30 |
| 072417 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 1453.30 |
| 080117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1683.08 |
| 080117 | | | | C2 | | Special Assm | 66.88 | 1749.96 |
| 083117 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 1764.96 |
| 090117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 1994.74 |
| 090117 | | | | C2 | | Special Assm | 66.88 | 2061.62 |
| 092617 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 2076.62 |
| 100117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 2306.40 |
| 100117 | | | | C2 | | Special Assm | 66.88 | 2373.28 |
| 103117 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 2388.28 |
| 110117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 2618.06 |
| 112217 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 2633.06 |
| 120117 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 2862.84 |
| 120517 | 311.66 | 44592 | 120517 | A1 | | ASSESSMENT | (311.66) | 2551.18 |
| 010118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 2780.96 |
| 020118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 3010.74 |
| 022818 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 3025.74 |
| 030118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 3255.52 |
| 030718 | HO Mailed Coupons W/O Check | | | | | | | |
| 030718 | Mailing Check Today | | | | | | | |
| 030718 | BK Was Filed 07/2017 #17-22282 | | | | | | | |
| 031418 | 378.54 | 105 | 031418 | A1 | | ASSESSMENT | (378.54) | 2876.98 |
| 040118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 3106.76 |

DATE:  4/22/20 TIME: 11:36 AM   Terrace Garden Condo Assoc.   Page: 4

FINANCIAL TRANSACTIONS - 04/22/20

1150 W. 18th Street # 1W
Rosemary Gibson
Unit ID: 11501W
STATUS: 04 - Legal/Attny
PREPAID BAL:    0.00

| DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|------|-----------|---------|--------|------|-----|-------------|--------|---------|
| 050118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 3336.54 |
| 060118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 3566.32 |
| 062718 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 3581.32 |
| 070118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 3811.10 |
| 072318 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 3826.10 |
| 080118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 4055.88 |
| 082118 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 4070.88 |
| 090118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 4300.66 |
| 091818 | Owner called to say she filed a chapter 13 | | | | | | | |
| 091818 | in July of 2017. Will have her attorney | | | | | | | |
| 091818 | resend paperwork regarding this. | | | | | | | |
| 100118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 4530.44 |
| 101718 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 4545.44 |
| 110118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 4775.22 |
| 112118 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 4790.22 |
| 120118 | | APPLY CHARGES | | A1 | | ASSESSMENT | 229.78 | 5020.00 |
| 122018 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 5035.00 |
| 010119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 5271.72 |
| 020119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 5508.44 |
| 022119 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 5523.44 |
| 030119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 5760.16 |
| 032219 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 5775.16 |
| 040119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 6011.88 |
| 042219 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 6026.88 |
| 042319 | | EXPENSE ADJ | | 05 | | Attorney Fees | 240.00 | 6266.88 |
| 042319 | K&M#201905 | | | | | | | |

DATE:  4/22/20 TIME:  11:36 AM                    Terrace Garden Condo Assoc.                                      Page: 5

FINANCIAL TRANSACTIONS - 04/22/20

1150 W. 18th Street # 1W
Rosemary Gibson
Unit ID: 11501W
STATUS: 04 - Legal/Attny
PREPAID BAL:    0.00

| DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 050119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 6503.60 |
| 052219 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 6518.60 |
| 060119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 6755.32 |
| 061719 | | EXPENSE ADJ | | 05 | | Attorney Fees | 450.00 | 7205.32 |
| 061719 | K&M#204135 | | | | | | | |
| 062619 | | APPLY LATE FEE | | 01 | | Late Fees | 15.00 | 7220.32 |
| 070119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7457.04 |
| 070519 | 251.72 | 115 | 070519 | A1 | | ASSESSMENT | (251.72) | 7205.32 |
| 073119 | HO Phoned/Referred to Attorney | | | | | | | |
| 073119 | 251.72 | 116 | 073119 | A1 | | ASSESSMENT | (251.72) | 6953.60 |
| 080119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7190.32 |
| 090119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7427.04 |
| 100119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7663.76 |
| 100819 | 252.86 | 1419993 | 100819 | A1 | | ASSESSMENT | (252.86) | 7410.90 |
| 102819 | | EXPENSE ADJ | | C1 | | Parking Assm | 30.00 | 7440.90 |
| 102819 | 30.00 | 119 | 102819 | C1 | | Parking Assm | (30.00) | 7410.90 |
| 110119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7647.62 |
| 110819 | Pre-Petition Payment/Atty | | | | | | | |
| 110819 | 126.43 | 1424476 | 110819 | A1 | | ASSESSMENT | (126.43) | 7521.19 |
| 120119 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7757.91 |
| 121819 | Pre-Petition Payment/Atty | | | | | | | |
| 121819 | 126.43 | 1428536 | 121819 | A1 | | ASSESSMENT | (126.43) | 7631.48 |
| 010120 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7868.20 |
| 013020 | Pre-Petition Payment/Atty | | | | | | | |
| 013020 | 126.43 | 1435738 | 013020 | A1 | | ASSESSMENT | (126.43) | 7741.77 |
| 020120 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 7978.49 |
| 021120 | Pre-Petition Payment/Atty | | | | | | | |
| 021120 | 126.43 | 1440048 | 021120 | A1 | | ASSESSMENT | (126.43) | 7852.06 |

DATE:  4/22/20 TIME:  11:36 AM                    Terrace Garden Condo Assoc.                                    Page: 6

FINANCIAL TRANSACTIONS - 04/22/20

1150 W. 18th Street # 1W
Rosemary Gibson
Unit ID: 11501W
STATUS: 04 - Legal/Attny
PREPAID BAL:     0.00

| DATE | PAYMT AMT | CHECK # | DEP DT | CODE | N/A | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 030120 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 8088.78 |
| 031620 | Pre-Petition Payment/Atty | | | | | | | |
| 031620 | 126.43 | 1444215 | 031620 | A1 | | ASSESSMENT | (126.43) | 7962.35 |
| 040120 | | APPLY CHARGES | | A1 | | ASSESSMENT | 236.72 | 8199.07 |
| | | | | | | *Attorney's Fees - Post Petition Demand | 162.50 | 8361.57 |
| | | | | | | Proof of Claim | -6953.60 | $1,407.97 |
| | | | | | | Trustee Payments | 885.01 | $2,292.98 |